# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONN RICHARDSON, | Case No.  1:21-cv-00316-FRS (BAM) (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| GACUTAN, | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 14) |
| Defendant. | |
| | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS (ECF Nos. 7, 13) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.    Background

Plaintiff Donn Richardson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 15, 2026, the Court screened the first amended complaint and found that Plaintiff stated cognizable claims against Defendants Anderson, Gurrola, and Castillo for excessive force in violation of the Eighth Amendment and against Defendants Anderson and Castillo for sexual assault in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendant.  (ECF No. 12.)  The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only

1

on the cognizable claims identified by the Court.  (*Id.*)

On February 6, 2026, Plaintiff filed a notice titled "Willingness to Proceed on Cognizable Claims" together with a motion for appointment of counsel.  (ECF Nos. 13, 14.)  In the notice, Plaintiff states that he does not wish to file a second amended complaint and is willing to proceed only on claims against Defendants Anderson, Gurrola, and Castillo for excessive force in violation of the Eighth Amendment, and against Defendants Anderson and Castillo for sexual assault in violation of the Eighth Amendment.  (ECF No. 13.)

## II.    Motion for Appointment of Counsel

Plaintiff seeks appointment of counsel due to his lack of education beyond a high school diploma and his inability to conduct meaningful discovery, including impediments to communication with those outside of prison, routine denial of physical and adequate access to the law library, lack of means to track down relevant witnesses and conduct depositions, and the need for expert medical testimony.  Plaintiff further states that he has 8 children, all of whom are dependents, and it is not possible for Plaintiff to sustain the costs of this action as a lawyer could.  (ECF No. 14.)

Plaintiff is informed that the filing fee has been paid, and Plaintiff is not proceeding in forma pauperis in this action.  The Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding in forma pauperis.

Even if Plaintiff were proceeding in forma pauperis in this action, Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by prisoners who are proceeding pro se who must obtain discovery, research complex legal issues, and gather witnesses. These plaintiffs also must litigate their cases without the assistance of counsel.

In addition, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff is able to prepare and file documents clearly setting forth his contentions, without assistance from counsel. Furthermore, although the Court screened the first amended complaint and found that it stated cognizable claims that are proceeding in this action, this does not necessarily indicate a likelihood of success on the merits.

### III. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

3

for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A.      Allegations in Complaint**

Plaintiff is currently housed at Salinas Valley State Prison in Soledad, California. The events in the first amended complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP") in Delano, California. Plaintiff names the following defendants: (1) E. Gacutan, Licensed Vocational Nurse ("LVN"), KVSP; (2) J. Anderson, Sergeant, KVSP; (3) L. Gurrola, Correctional Officer, KVSP; (4) D. Castillo, Correctional Officer, KVSP; (5) E. Chelsey, Correctional Officer, KVSP; and (6) Jeff Sao, Physician and Surgeon, KVSP.

Plaintiff alleges as follows:

On November 11, 2019, Plaintiff was housed on the A-Yard Facility, 2 Building, at Kern Valley State Prison. On November 11, 2019, at approximately 9:00 a.m., there was a search of all the inmates' cells in the A2 Unit. Plaintiff's cell was searched and several of his personal property items were missing, tampered with, or destroyed. Upon returning to his cell following the search, Plaintiff was disappointed at the sight of his cell and how his property was trashed. Plaintiff was handcuffed at the time.

Plaintiff notified escorting officer Steward that he would not return the officer's handcuffs until he spoke to a Lieutenant about the condition of his cell and property.

A-Yard Sergeant Defendant J. Anderson arrived at the scene and notified Plaintiff he was moved and rehoused in 3 building (A3). At approximately 10:30 a.m., Plaintiff was escorted, while handcuffed, towards the A3 Unit. Plaintiff was escorted by Defendants J. Anderson, D. Castillo, L. Gurrola, and non-parties officers V. Figueroa and E. Prieto.

While escorting Plaintiff, Defendant Gurrola started a conversation with Defendant Anderson, stating, "That's the motherfucker that writes 602's." At this point, Defendant Anderson smashed the right side of Plaintiff's face into a nearby wall while squeezing Plaintiff's

4

genitals, saying, "You think you tough."

Defendant Gurrola walked up to Plaintiff and punched him several times on the left side of the face, causing Plaintiff to lose consciousness.  Plaintiff woke up and realized he was being stomped, punched, and stepped on by Defendants Gurrola, Anderson, and Castillo, who then dragged Plaintiff to the A-Yard Program Office, where he was placed in a locked holding cell to receive medical treatment.

Defendant Castillo opened the holding cell and started to punch Plaintiff in the face while snatching Plaintiff's personal gold chain off.  Defendant Castillo yelled at Plaintiff, "You taking drugs?"  Plaintiff replied "No."  Defendant Castillo threw Plaintiff to the ground and stuck his finger in Plaintiff's anal rectum.

Due to Defendant Castillo's actions, Plaintiff suffered the following injuries: anal abrasions, head injuries, facial contusion/abrasion, right ankle pain, right foot pain.  Due to Defendant Anderson's actions, Plaintiff suffered the following injuries: genital soreness/laceration, facial contusion/abrasion/lacerations, neck and shoulder injuries, C-collar injury, rib injuries.  Due to Defendant Gurrola's actions, Plaintiff suffered a facial abrasion.

At approximately 10:55 a.m., Defendant Nurse E. Gacutan arrived in the A-Yard program office to complete a medical report of Plaintiff's injuries.  Defendant Gacutan examined all of Plaintiff's injuries and approached Defendants Castillo, Gurrola, and Anderson and stated, "What did y'all do, I guess I have to clean up y'all tracks again."

Defendant Castillo stated, "He swallowed a bundle."  A bundle is a small bag of drugs or marijuana.

Defendant Gacutan intentionally minimized Plaintiff's injuries on the medical report by noting falsely that Plaintiff sustained only an abrasion to the ankle, in order to conceal Defendants Castillo, Anderson, and Gurrola's abusive misconduct, while knowing Plaintiff had more severe injuries.  Defendant Gacutan's misleading medical report was sent to Defendant Jeff Sao, the physician and surgeon on KVSP's A-Yard.  Defendant Gacutan also notified Defendant Sao that Plaintiff swallowed a bundle.

///

At approximately 10:58 a.m., Defendant E. Chelsey arrived to take photographs of Plaintiff's injuries.  Defendant Chelsey intentionally minimized Plaintiff's injuries by only taking photographs of Plaintiff's ankle injury, while knowing that Plaintiff had more severe injuries.

At approximately 11:00 a.m., Plaintiff suffered a seizure.  Plaintiff started to shake uncontrollably and was placed on a gurney.  Plaintiff was unconscious and did not answer any questions.  Plaintiff's pupils were dilated 5 mm bilaterally.  Plaintiff was verbally unresponsive as his vital signs were taken.  A 3 lead cardiac monitor was placed on Plaintiff.  A non-rebreather at 15L/min was applied to Plaintiff, as he had tachypnea at 24 breaths/min with labored breathing.

Plaintiff was immediately transferred to Delano Regional Medical Center, where he was evaluated by doctors Jeffrey Cho (physician assistant) and Jeffrey Lovin.  Doctors Cho and Lovin diagnosed Plaintiff with the following injuries: facial contusion, multiple abrasions to the face (3x) (3 cm x 3 cm), neck injury and pain, shoulder abrasion and dislocation (6 cm x 8 cm), rib pain on right side, arm abrasion (5 cm), right ankle pain (4 cm x 4 cm), right foot pain (2x) (2 cm x 2 cm).  Doctors Cho and Lovin's medical diagnosis is in direct conflict with Defendant Gacutan's initial medical report, proving that Defendant Gacutan intentionally minimized Plaintiff's injuries on the medical report, while having knowledge that Plaintiff had more serious injuries.

Plaintiff notified Doctors Cho and Lovin that he was physically and sexually assaulted by Defendants Anderson, Castillo, and Gurrola.  No drugs or bundles were detected in Plaintiff's body.

At approximately 3:30 p.m., Defendant Sao was notified of Doctors Cho and Lovin's medical diagnosis of Plaintiff's injuries.  At approximately 3:40 p.m., Plaintiff was discharged from Delano Regional Medical Center and returned to KVSP.  Upon his return to KVSP, Plaintiff filed a 602 appeal related to his physical and sexual assault at the hands of Defendants Anderson, Castillo, and Gurrola.

On November 12, 2019, Plaintiff was seen by the forensic nurse specialists of Central California related to his sexual assault at the hands of Defendants Anderson and Castillo.  The forensic nurse specialists diagnosed Plaintiff with anal brusing/soreness and genital

bruising/soreness.

Upon returning to KVSP, Plaintiff was not placed on 24-hour "pottie" watch surveillance to determine if Plaintiff had swallowed a bundle.  Defendants Sao and Gacutan had the authority to order Plaintiff to be placed on 24-hour "pottie" watch surveillance, but they failed to do so, which proves that they were deliberately indifferent to Plaintiff's safety, in light of the circumstances, whether or not Plaintiff actually had a bundle in his body or system.

On December 3, 2019 and December 9, 2019, Plaintiff sent letters to the Office of Internal Affairs related to the sexual assault, which was forwarded to KVSP Lieutenant A. Alafa.

On February 26, 2020, Plaintiff filed a medical 602 appeal related to Defendant Gacutan's attempts to minimize Plaintiff's injuries on his/her medical report, and the failure of Defendants Gacutan and Sao to place Plaintiff on "pottie" watch 24-hour surveillance upon his return to KVSP.

On May 6, 2020, KVSP Chief Executive Officer Michael Felder reviewed Plaintiff's 602-HC appeal and concluded that Defendant Gacutan violated CDCR policy in regard to medical documentation following an assault or application of use of force.

On January 28, 2021, Chief S. Gates of the California Health Care Services, Health Care Correspondence and Appeals Branch, also concluded that Defendant Gacutan violated CDCR policy in regard to medical documentation following an assault or application of use of force.

Defendant Gacutan's actions of intentionally minimizing Plaintiff's injuries on his/her medical report in an attempt to cover-up the physical and sexual assault of Plaintiff violates Plaintiff's Eighth Amendment and Title 18 U.S.C. §§ 241 and 242.

Defendant Chelsey's action of intentionally minimizing Plaintiff's injuries by only taking photographs of Plaintiff's ankle injury, while having knowledge that Plaintiff had more severe injuries, violates the Eighth Amendment.

Defendants Gacutan and Sao's failure to order that Plaintiff be placed on 24-hour "pottie" watch surveillance, whether or not Plaintiff actually had a bundle in his body, violates the Eighth Amendment.

///

7

Plaintiff requests compensatory and punitive damages, declaratory relief, a jury trial, an order that all CDCR medical staff be retrained or receive adequate training on properly documenting all injuries on CDCR 7219 medical reports, and any additional relief this Court demes just, proper, and equitable.

**B.    Discussion**

1.    Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).

a.    *Excessive Force*

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. *Hudson*, 503 U.S. at 9–10; *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

At the pleading stage, Plaintiff states a cognizable claim for the use of excessive force against Defendants Anderson, Gurrola, and Castillo for the incident that occurred on November 11, 2019 while Plaintiff was escorted in handcuffs to the A-Yard Program Office and placed in a holding cell.

///

8

b.      *Sexual Assault*

"Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012); *see also Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse . . . ."). In evaluating such a claim, "courts consider whether 'the official[ ] act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046 (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

At the pleading stage, Plaintiff also states a cognizable claim for sexual assault against Defendants Anderson and Castillo for the incident on November 11, 2019.

c.      *Medical Care*

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,'

9

'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to allege a cognizable claim for deliberate indifference to serious medical needs against any defendant.  While Plaintiff alleges that Defendants Gacutan and Chelsey attempted to minimize Plaintiff's medical records to minimize his injuries by only documenting Plaintiff's ankle injury, false medical reports do not give rise to a cognizable claim. *Evans v. Diaz*, No. 1:22-CV-00291 ADA BAM PC, 2022 WL 17417816, at *12 (E.D. Cal. Dec. 5, 2022) (failure to state a claim for fabricated medical reasoning in medical report); *Martin v. Pfeiffer*, No. 1:22-CV-00889 AWI BAM PC, 2022 WL 4345686, at *8 (E.D. Cal. Sept. 19, 2022), report and recommendation adopted, No. 1:22-CV 00889 AWI BAM PC, 2022 WL 17406535 (E.D. Cal. Dec. 2, 2022) (Plaintiff's complaint fails to state a claim based on allegations of a false medical injury report); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 1172911, at *7 (E.D. Cal. Mar. 29, 2021) (denying a claim alleging falsified medical report and statements made by Plaintiff), denying to adopt on other grounds, *Sanford v. Eaton*, No. 1:20-CV00792-JLT BAM(PC), 2022 WL 168530, at *2 (E.D. Cal. Jan. 19, 2022).

///

Furthermore, Plaintiff alleges that he was first seen by Defendant Gacutan at approximately 10:55 a.m., and Plaintiff suffered a seizure at approximately 11:00 a.m., when he was then immediately transferred to Delano Regional Medical Center for further evaluation and treatment.  Based on these allegations, the Court does not find that the allegations support a finding that any defendant failed to respond to Plaintiff's serious medical needs, whether they were accurately documented in his medical records or not.

Plaintiff also fails to state a cognizable deliberate indifference to medical needs claim against Defendant Gacutan or Sao regarding the failure to place Plaintiff on a 24-hour "pottie" watch surveillance following his return to KVSP.  At most, Plaintiff's allegations support a finding that Defendants Sao and Gacutan violated CDCR policy, see below, or Plaintiff's mere disagreement with their chosen course of treatment, neither of which are sufficient to support a cognizable claim.  Plaintiff's allegations of the circumstances—that Defendants Gacutan and Sao had been informed that Plaintiff had swallowed a bundle, but no drugs or bundles were detected in Plaintiff's body following evaluation at Delano Regional Medical Center, it was not medically unacceptable for Defendants Gacutan and Sao to not place Plaintiff on a 24-hour "pottie" watch surveillance.

### 2.      Prison Regulations

To the extent that any Defendant has not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983.  Section 1983 only provides a cause of action for the deprivation of federally protected rights.  *See, e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code

11

of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations) ; *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

### 3.   Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### 4.   Injunctive Relief

Insofar as Plaintiff seeks injunctive relief against officials, any such request is now moot because Plaintiff is no longer housed at that facility. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must

be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Finally, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969. Plaintiff's request for training of all CDCR medical staff goes beyond the Court's jurisdiction in this action.

## IV.      **Order and Recommendation**

Based on the above, the Court finds that Plaintiff's first amended complaint states cognizable claims against Defendants Anderson, Gurrola, and Castillo for excessive force in violation of the Eighth Amendment, and against Defendants Anderson and Castillo for sexual assault in violation of the Eighth Amendment. However, Plaintiff's first amended complaint fails to state any other cognizable claims for relief against any other defendants.

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for appointment of counsel, (ECF No. 14), is DENIED; and

2. The Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

* * *

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed May 17, 2021, (ECF No. 7), against Defendants Anderson, Gurrola, and Castillo for excessive force in violation of the Eighth Amendment, and against Defendants Anderson and Castillo for sexual assault in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

///

///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**February 10, 2026**__              /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

14