UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONN RICHARDSON,

Plaintiff,

v.

GACUTAN, *et al.*,

Defendants.

Case No. 1:21-cv-00316-JLT-FJS (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY

(ECF No. 36)

Plaintiff Donn Richardson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Anderson, Gurrola, and Castillo ("Defendants") for excessive force in violation of the Eighth Amendment; and (2) Defendants Anderson and Castillo for sexual assault in violation of the Eighth Amendment. On June 30, 2026, Defendants answered the first amended complaint. (ECF No. 25.)

Plaintiff filed the instant motion seeking access to Defendants' personnel records for the purpose of determining whether they have been involved in prior excessive force incidents or committed other relevant misconduct. (ECF No. 36 at 1.) Plaintiff also seeks an order compelling Defendants to respond to interrogatories that appear to be propounded for the first time here. (ECF No. 36 at 2.) Plaintiff styles this request as a *Pitchess* motion. (ECF No. 36.)

A *Pitchess* motion is a procedural method that allows for discovery of otherwise

privileged police personnel records under California law. *Hounihan v. Villasenor*, No. 23CV00163, 2023 WL 8438450, at *1 (E.D. Cal. Nov. 7, 2023). "A *Pitchess* motion, a vehicle by which a criminal defendant, under certain circumstances, may seek a peace officer's personnel records may be appropriate only if brought by a defendant in the context of a state criminal trial, not by a plaintiff in a federal civil rights action." *Turner v. Spence*, No. S-07-0022, 2008 WL 927709, at *9 (E.D. Cal. Apr. 4, 2008); *see also City of Santa Cruz v. Municipal Court*, 49 Cal.3d 74, 84 (1989); *Pitchess v. Superior Court*, 11 Cal.3d 531, 537 (1974).

Accordingly, Plaintiff's *Pitchess* motion is not appropriate in the context of the present litigation. Instead, in cases alleging violations of federal civil rights, Federal Rule of Civil Procedure 34 governs the production of documents and Federal Rule of Civil Procedure 33 applies to interrogatories.

The court denies Plaintiff's motion because the court cannot construe this motion as a motion to compel and because *Pitchess* procedures do not apply in federal court. Plaintiff does not clearly describe his attempts to obtain the relevant documents or interrogatories directly from Defendants through a written discovery request that Defendants objected to. Plaintiff's motion is supported by nothing more than his request that the motion be granted.

To the extent that Plaintiff seeks to discover Defendants' personnel files in this case, he should refer to Federal Rule of Civil Procedure 34, which allows a party to request the production of any document within the scope of Rule 26(b). Plaintiff has not demonstrated that he made a request to Defendants for production of these documents, nor has Plaintiff filed a motion to compel Defendants to produce the requested documents. Additionally, if Plaintiff seeks Defendants' response to interrogatories, he should refer to Federal Rule of Civil Procedure 33. Plaintiff has not demonstrated that he made a request to Defendants for answers to these interrogatories, nor has Plaintiff filed a motion to compel Defendants to answer these interrogatories.

Should Plaintiff choose to serve a request for production of documents on Defendants, he must identify with specificity the documents sought pursuant to Rule 34. Additionally, should Plaintiff choose to serve interrogatories on Defendants, he must set forth those questions pursuant

to Rule 33. Plaintiff is advised that the Federal Rules of Civil Procedure envision the parties conducting discovery between themselves. Plaintiff does not make discovery requests through the court. Local Rules 250.2(c), 250.3(c), and 250.4(c). Plaintiff must directly serve Defendants with discovery requests, such as document production requests that request relevant documents contained in Defendants' personnel files or interrogatories. Fed. R. Civ. P. 26, 33, 34. Defendants are then required to respond to Plaintiff's discovery request by furnishing the requested documents, answering the interrogatories, or by raising objections to Plaintiff's requests. Fed. R. Civ. P. 33, 34. If Defendants file objections, and the parties are unable to resolve the discovery dispute, Plaintiff may file a motion to compel with the court at that time. Fed. R. Civ. P. 37.

For the reasons set forth above, it is HEREBY ORDERED that:

1. Plaintiff's motion for discovery or *Pitchess* motion (ECF No. 36) is DENIED;
2. Plaintiff is ordered to serve his requests for documents and interrogatories upon Defendants directly pursuant to Federal Rules of Civil Procedure 33 and 34. These requests <u>should not be filed directly with the court</u> unless it is necessary for Plaintiff to file a motion to compel; and
3. The clerk of court is directed to send Plaintiff a copy of Federal Rules of Civil Procedure 33 and 34.

IT IS SO ORDERED.

Dated: **October 23, 2026**

UNITED STATES MAGISTRATE JUDGE